IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ROBERT ERVING, | : | CIVIL ACTION NO. **3:CV-12-2481** |
| --- | --- | --- |
| Petitioner, | : | |
| | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| DAVID EBBERT, WARDEN, | : | |
| Respondent | : | |

## **REPORT AND RECOMMENDATION**

### **I. Background.**

On December 12, 2012, Petitioner, Robert Erving, currently an inmate at the United States Penitentiary Canaan ("USP-Canaan"), Waymart, Pennsylvania, filed, *pro se*, a 6-page typed Petition for Writ of Mandamus, pursuant to 28 U.S.C. §1651. (Doc. 1). Petitioner attached Exhibits to his Petition, including copies of his BOP administrative remedies and responses as well as an Incident Report filed against him. Petitioner states that he did not receive a response from the BOP Central Office regrading his final appeal of his administrative remedy and that more than 20 days have lapsed since he filed his final appeal. Petitioner also filed two Motions for Leave to proceed *in forma pauperis*. (Docs. 2 & 4).[1] Petitioner names as Respondent the Warden at USP-Canaan, David Ebbert. Petitioner's Petition has not yet been served on Respondent.

Petitioner states that he was employed by Unicor at USP-Canaan. Petitioner states that he was issued a medical work idle from March 13, 2012 through March 14, 2012, by the prison doctor due to an illness (flu) excusing him from work. Petitioner states that the doctor

---

1. Petitioner attached to his second Motion for Leave to proceed *in forma pauperis* (Doc. 4) a copy of his BOP inmate account dated December 18, 2012, indicating that his balance was $487.85 and that his average 6 month balance was $382.36. Thus, we will recommend that Petitioner's Motions for Leave to proceed *in forma pauperis* be denied, in part, and that he be directed to immediately pay $175.00, half of the full $350.00 filing fee. We will also recommend that Petitioner 's Motions for Leave to proceed *in forma pauperis* be granted with respect to the remaining balance of $175.00 owed on the full filing fee.

told him to see him again for an exam on Wednesdday March 14, 2012. Petitioner states that there are no sick calls allowed for work at USP-Canaan on Wednesdays. Petitioner states that on March 14, 2012, his Unicor boss, officer Kleben, called him to the office where he met with Kleben and officer Bender. Petitioner states that he told the officers about his March 14 appointment with the doctor and that the officers told him there was no sick call on March 14 and, that if he did not show up for work, he would be fired. Petitioner states that despite the no sick Wednesday sick call rule, he went to the doctor (Tucker) on March 14 as directed. Petitioner states that Dr. Tucker gave him a work idle from March 12, 2012 through March 16, 2012, to show the officers he was medically excused from working those days.

Later on March 14, 2012, Petitioner states that Kleben wrote an Incidnet Report against him and fired him from his Unicor job claiming that Petitioner did not report to work on March 14, and that Petitioner threatened him and Bender with filing a grievance against them. Petitioner states that when the lieutenant investigated the Incident Report and he explained what happened, the lieuteneant dropped the charges and sent Petitioner to his Unit Team to resolve the problem.

Petitioner states that when he reported back to work at Unicor, the supervisor told him that he was fired. Petitioner then pursued his BOP administrative remedies and he states that the BOP Regional Office informed him that part of his request was granted and that his Unit Team and Unicor would advise him if he could get his job back. However, Petitioner states that he was not ever told if he could get his job back. Petitioner then appealed to the BOP Central Office and he states that he nerver received a response from the Central Office. (Doc. 1, pp. 1-3).

Petitioner states that since he had a work idle issued by the doctor, his termination from his job by his Unicor supervisor was capricious and arbitrary as well as retaliatory. Petitioner also states that hiss Unit Team failed to direct his Unicor supervisor to reinstate his job and ignored prison rules and regulations. Petitioner states that even though the Regional Office

2

granted in part his administrative remedy request, it failed to follow up to see if his Unit Team decided if he would get his job back. (*Id*., pp. 4-5).

As relief in his Mandamus Petition, Petitioner requests this Court to direct the BOP to reinstate him in his Uncior job at USP-Canaan. (*Id*., p. 6).

As discussed below, we find that Petitioner's Mandamus Petition should be denied since Petitioner does not have any constitutional right to a prison job and since he has other adequate legal remedies available. Further, Petitioner 's own evidence shows that Respondent Ebbert denied Petitioner's administrative remedy request on April 24, 2012, since an investigation revealed that Dr. Tucker did not tell Petitioner to report to him for an exam on Wednesday March 14, 2012, that Petitioner was not on the call-out or on the list for sick call that day, and that Petitioner was required to report for work that day. (Doc. 1, Exs. A-1 & A-2).

**II. PLRA.**

As stated, Petitioner has filed two applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Docs. 2 & 4). The Prison Litigation Reform Act of 1995,[2] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

---

2. Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

**III. Motion to Dismiss Standard.**

In *Reisinger v. Luzerne County*, 2010 WL 1976821, *7 (M.D. Pa.), the Court stated:

The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

## IV. Discussion.

As mentioned, Petitioner filed this action as a Petition for Writ of Mandamus. The Court stated in *Mitchell v. U.S.*, 419 F. Supp. 2d 709, 711(W.D. Pa. 2005):

> 28 U.S.C. § 1361 states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

The *Mitchell* Court also stated:

> This Court has the authority to issue a Writ of Mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a). The Act states that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Id*.

*Id*. at 712.

The standards for determining if a Writ of Mandamus should issue are:

> According to the Supreme Court, "[t]he extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of a 'clear nondiscretionary duty.'" *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121, 109 S.Ct. 414, 424, 102 L.Ed.2d 408, 425 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984)). The Petitioner must show that he has no other adequate means to attain the relief he desires and that he has a clear and indisputable right to the writ. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 482 (3d Cir. 1995). Once the Petitioner has made such a showing, it is still within the discretion of this Court to determine whether to issue the writ. *See id*.

*Id*.

The Court in *Bartosek v. Com of Pa.*, 2005 WL 2250684, * 1 (W.D. Pa.), stated:

Mandamus is a "drastic remedy that 'is seldom issued and [ ] is discouraged." ' *In re Patenaude,* 210 F.3d 135, 140 (3d Cir.2000). Petitioners must demonstrate that they "lack adequate alternative means to obtain the relief they seek" and they "carry the burden of showing that their right to issuance of the writ is 'clear and indisputable." ' *Mallard v. United States District Court for the Southern District of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). Section 1361 provides the federal courts with jurisdiction "in the nature of

5

mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." *Id*.

In *Murray v. Grondolsky*, 369 Fed. Appx. at 320, the Court stated that "mandamus relief is to be issued only in extraordinary circumstances, where the Petitioner demonstrates that he has no alternative means to achieve the relief sought, and that he has a clear and indisputable right to the writ." (Citation omitted).[3]

In *Hill v. Lappin*, 2010 WL 3398989, *3 (M.D. Pa. 8-25-10), the Court stated:

> Moreover, "[m]andamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.' *Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary,* 93 F.3d 103, 112 (3d Cir.1996) (quoting *Harmon Cove Condominium Ass'n, Inc. v. Marsh,* 815 F.2d 949, 951 (3d Cir.1987)). *See Ararat v. District Director, ICE,* 176 F.App'x. 343 (3d Cir.2006). Therefore:Mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer,* 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (discussing the common-law writ of mandamus, as codified in 28 U.S.C. § 1361). *See also Stehney,* 101 F.3d at 934 (mandamus relief is a drastic remedy only to be invoked in extraordinary circumstances).
>
> *Stanley v. Hogsten* 277 F.App'x. 180, 181(3d Cir.2008).
>
> As one court has aptly observed when describing the precise and exacting standards which must be met when a petitioner invokes the writ of mandamus: The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34, 101 S.Ct. 188, 66 L.Ed.2d 193,(1980). Only "exceptional circumstances amounting to a judicial 'usurpation of power' " will justify issuance of the writ. *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 289, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988) (quoting *Will v. United States,* 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305(1967)); *see also In re*

---

[3]. In *Drummond v. Martinez*, 2009 WL 3241851, *5, n. 8 (M.D. Pa. October 05, 2009), the Court noted:

> To be eligible for mandamus relief, a petitioner must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy. *See Cheney v. U.S. Dist. Court for Dist. of Columbia,* 542 U.S. 367, 380-81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) ("Mandamus is an extraordinary remedy, available to 'a plaintiff only if ... the defendant owes him a clear, non-discretionary duty.' ") (citing *Heckler v. Ringer,* 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984)).

**6**

> *Leeds,* 951 F.2d 1323, 1323 (D.C.Cir.1991). Mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *In re Medicare Reimbursement Litigation,* 414 F.3d 7, 10 (D.C.Cir.2005) (quoting *Power v. Barnhart,* 292 F.3d 781, 784 (D.C.Cir.2002)); *see also Banks v. Office of Senate Sergeant-At-Arms and Doorkeeper of the United States Senate,* 471 F.3d 1341, 1350 (D.C.Cir.2006) (concluding that the extraordinary remedy of mandamus need not issue in a case arising under the Congressional Accountability Act where the issue could be addressed by an appeal from a final judgment). The party seeking mandamus "has the burden of showing that 'its right to issuance of the writ is clear and indisputable.' " *Power v. Barnhart,* 292 F.3d at 784 (quoting *Northern States Power Co. v. U.S. Dep't of Energy,* 128 F.3d 754, 758 (D.C.Cir.1997)). Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus therefore is not an appropriate remedy. *See, e.g., Heckler v. Ringer,* 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); *Weber v. United States,* 209 F.3d at 760 ("[M]andamus is proper only when an agency has a clearly established duty to act.").
>
> *Carson v. U.S. Office of Special Counsel,* 534 F.Supp.2d 103, 105 (D.D.C.2008).

"Under §1361, 'the test for jurisdiction is whether mandamus would be an appropriate means of relief.'" *Stark v. Holder*, 2011 WL 5593129, *7 (M.D. Pa. Nov. 17, 2011)(citations omitted).

In the present case, Petitioner seeks this Court to direct the BOP to reinstate him in his prison Unicor job. Initially, it is well-settled that Petitioner has no constitutional right to a prison job. *See Wilkins v. Bittenbender*, 2006 WL 860140, *9 (M.D. Pa. 2006). Nor does Petitioner have a constitutional right to any particular job in the prison. *See Wright v. O'Hara*, 2002 WL 1870479, *5 (E.D. Pa. 2002). In *Vieux v. Smith*, 2007 WL 1650579, *3 (M.D. Pa.), the Court stated,

> an inmate's assignment to a work detail does not implicate either a liberty or a property interest. Indeed, an inmate has no recognizable Constitutional right to a particular prison job.FN6 *See Wright v. O'Hara,* 2002 WL 1870479, at *5 (E.D.Pa.2002) (' "We do not believe that an inmate's expectation of keeping a particular prison job amounts to either a property or liberty interest entitled to protection under the due process clause.' " (internal citations omitted)) (quoting *Bryan v. Werner,* 516 F.2d 233, 240 (3d Cir.1975)). Moreover, "it is uniformly well established throughout the federal circuits that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a property interest." *See Cummings v. Banner,* 1991 WL 238140, at *5 (E.D.Pa.1991) (citing *James v. Quinlan,* 866 F.2d 627, 630 (3d Cir.1989); *Brian v. Werner,* 516 F.2d 233, 240 (3d Cir.1975); *Gibson v. McEvers,* 631 F.2d 95, 98

7

(7th Cir.1980)). Thus, Plaintiff's removal from his visiting room photographer work detail based on his conviction for a prior incident in which he introduced contraband into the visiting room does not implicate any protected Constitutional right.

(footnote omitted).

Further, insofar as Petitioner claims that BOP staff at USP-Canaan acted in contravention of BOP policy by refusing to reinstate him inhis Unicor job, the *Vieux* Court held that "BOP policy neither affords a property or liberty interest to [the inmate] nor confers any constitutional right to any inmate." *Id*.

We also find that the Petitioner is requesting relief in the form of Court intervention and management while he is in prison, *i.e.,* to direct the BOP to reinstate him to his prison employment Unicor. The Court will not generally interfere with prison administration matters such as the prison's decision to terminate Petitioner from his job. The Court should give significant deference to judgments of prison officials regarding prison regulations and prison administration. *See Fraise v. Terhune*, 283 F.3d 506 (3d Cir. 2002); *Vieux*, 2007 WL 1650579, *4.

Additionally, as mentioned, Petitioner's own evidence shows that Respondent Ebbert denied Petitioner's administrative remedy request on April 24, 2012, since an investigation revealed that Dr. Tucker did not tell Petitioner to report to him for an exam on Wednesday March 14, 2012, that Petitioner was not on the call-out or on the list for sick call that day, and that Petitioner was required to report for work that day. (Doc. 1, Exs. A-1 & A-2).

Since Petitioner had no right to prison employment, he cannot show that he has clear and undisputable right to have his job reinstated. *See Santos v. Ebbert*, 2010 WL 5019061 (M.D. Pa. Sept. 23, 2012) adopted by 2010 WL 5018954 (M.D. Pa. Dec. 3, 2010); *Vieux*, *supra*. Further, Petitioner has not shown that he had no other remedy.

As the *Hill* Court stated:

A writ of mandamus may only issue if the plaintiff has a clear right to relief and the defendant has a clear duty to act, and "can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.' "

8

> *Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary,* 93 F.3d 103, 112 (3d Cir.1996). Therefore, inherent in a request for mandamus is "a showing [by the moving party] that 'its right to issuance of the writ is clear and indisputable.' Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus therefore is not an appropriate remedy." *Carson v. U.S. Office of Special Counsel,* 534 F.Supp.2d 103, 105 (D.D.C.2008).

2010 WL 3398989, *4.

Therefore, we find that Petitioner has not shown any extraordinary factors necessary for the issuance of a writ of mandamus and we will recommend that his Petition be denied.

**V. Recommendation.**

Based on the foregoing, it is respectfully recommended that Petitioner Erving's Petition for Writ of Mandamus **(Doc. 1)** be denied. It is also recommended that Petitioner's Motions for Leave to Proceed *in forma pauperis* **(Docs. 2 & 4)** be denied, in part, and that Petitioner be directed to immediately pay $175.00, half of the full $350.00 filing fee. It is further recommended that Petitioner's Motions for Leave to proceed *in forma pauperis* be granted with respect to the remaining balance of $175.00 owed on the full filing fee.


        s/ Thomas M. Blewitt

        **THOMAS M. BLEWITT**
        **United States Magistrate Judge**

**Dated: January 3, 2013**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT ERVING, | : | CIVIL ACTION NO. **3:CV-12-2481** |
| Petitioner, | : | |
| | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| DAVID EBBERT, WARDEN, | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 3, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections my constitute a waiver of any appellate rights.


                                              **s/ Thomas M. Blewitt**
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

**Dated: January 3, 2013**