UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT ERVING,

  Petitioner,

v.

DAVID EBBERT, WARDEN,

  Respondent.

Civil Action No. 3:12-CV-2481

(Judge Kosik)

## MEMORANDUM

On December 12, 2012, Petitioner, Robert Erving, currently an inmate at the United States Penitentiary Canaan ("USP-Canaan"), Waymart, Pennsylvania, filed, *pro se,* a Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1651. (Doc. 1). Petitioner also filed two Motions for Leave to Proceed *in forma pauperis*. (Doc. 2, 4). After screening the petition pursuant to 28 U.S.C. § 1915, Magistrate Judge Thomas M. Blewitt issued a Report and Recommendation ("R&R") recommending that we grant, in part, Petitioner's Motions to Proceed *in forma pauperis*[1] and deny Petitioner's Petition for Writ of Mandamus. (Doc. 5). Petitioner filed Objections to the R&R on January 16, 2013. (Doc. 6).

### Background

We summarize the factual allegations of the Petition for Writ of Mandamus as follows:

Petitioner states that he was employed by Unicor at USP-Canaan. Petitioner alleges that, after not feeling well for over two weeks, he decided to go to the doctor at USP-Canaan. Petitioner was then diagnosed with the flu. Petitioner states that he was issued a work idle from March 13, 2012 through March 14, 2012. Petitioner again went to the doctor on March 13, 2012. Petitioner states that the doctor was busy with the pill line and asked Petitioner to come back to see him the next morning, Wednesday, March 14, 2012.

Petitioner states that there are no sick calls allowed for work at USP-Canaan on

---

[1] We disagree with the Magistrate Judge's *in forma pauperis* recommendation and we will grant Petitioner's motions to proceed *in forma pauperis*. (Doc. 2, 4).

Wednesdays. On March 14, 2012, Petitioner was called to the office of his Unicor boss, Officer Kleben, where he met with Officer Kleben and Officer Bender. Petitioner states that he told the officers about his March 14th appointment with the doctor. Petitioner also states that the officers informed Petitioner that there was no sick call on Wednesdays and that if Petitioner did not show up for work that day, he would be fired. Petitioner states that, despite the no sick call on Wednesdays rule, he still went to the doctor because he was directed to do so by the doctor the day before. Petitioner claims that he was then given a work idle from Dr. Tucker for March 12, 2012 through March 16, 2012, showing that he was medically excused from working those days.

Petitioner states that on March 14, 2012, Officer Kleben fired Petitioner and wrote an Incident Report claiming that Petitioner did not report to work that day and that he threatened to file grievances against Officer Kleben and Officer Bender. Petitioner claims that he was then told to see the Lieutenant regarding the incident report. Petitioner states that he explained to the Lieutenant what had happened, that the Lieutenant dropped the charges against the Petitioner, and then sent Petitioner to his unit.

Petitioner states that when he reported back to work at Unicor, he was told by a supervisor that he was fired. Petitioner then pursued administrative remedies resulting in the BOP Regional Office granting, in part, and denying, in part, his petition. Petitioner further explains that he appealed to BOP's Central Office, but has yet to receive a response. Petitioner was unable to get his job back.

Petitioner states that since he had a work idle issued by a prison doctor, his termination from his job at Unicor was retaliatory, as well as arbitrary and capricious. Petitioner also states that his Unit Team failed to order Petitioner's supervisor to reinstate him and ignored prison rules and regulations. Petitioner further states that the Regional Office failed to properly follow-up on his grievance.

In his Petition for Writ of Mandamus, Petitioner asks this Court to direct the BOP to

reinstate Petitioner to his Unicor job at USP-Canaan.

On January 3, 2013, the Petition for Writ of Mandamus was screened by Magistrate Judge Thomas Blewitt pursuant to 28 U.S.C. § 1915. (Doc. 5). In his R&R, the Magistrate Judge recommends denying Petitioner's Petition for Writ of Mandamus because Petitioner has no constitutional right to a prison job and there are other adequate legal remedies available to him. The Magistrate Judge also noted that "Petitioner's own evidence shows that Respondent Ebbert denied Petitioner's administrative remedy request on April 24, 2012, since an investigation revealed that Dr. Tucker did not tell Petitioner to report to him for an exam on Wednesday March 14, 2012, that Petitioner was not on the call-out or on the list for sick call that day, and that Petitioner was required to work that day." (Doc. 5, p. 3 *citing* Doc. 1, Exs. A-1, A-2).

On January 16, 2013, Petitioner filed Objections to the Magistrate Judge's R&R. (Doc. 6). In his Objections, Petitioner explains that he believes that Magistrate Judge was mistaken in some of the facts. (*Id.*).

## Standards of Review

### I. Plaintiff's Objections to the Report and Recommendation

When objections are filed to a R&R of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c); *see Sample v. Diecks,* 855 F.2d 1099, 116 n.3 (3d Cir. 1989). Written objections to a R&R must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980); *see also Goney v. Clark,* 749 F.2d 5, 7 (3d Cir. 1984).

## II. Screening Pursuant to 28 U.S.C. § 1915

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis*. Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) <u>fails to state a claim on which relief may be granted</u>; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.) Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted . . . ." Section 1915(e)(2)(B)(ii) provides this ground for summary dismissal of a complaint (before service) - - failure to state a claim under Rule 12(b)(6) principles. A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.

Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor. *See Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007)(quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Marangos v. Swett*, No. 08-4146, 2009 WL 1803264 (3d Cir. June 25, 2009)(*citing Ashcroft v. Iqbal*, 556 U.S. 662, 677-679 (2009).

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face" *Iqbal*, 556 U.S. at 677 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted); *accord Iqbal*, 556 U.S. at 685. The facts plead

4

must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*, 556 U.S. at 678 (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. *Id.* at 106.

## Discussion

A party may seek mandamus relief from a federal court pursuant to 28 U.S.C. § 1361. Section 1361 provides in its entirety:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

A remedy of mandamus is a drastic measure "to be invoked only in extraordinary situations." *Stehney v. Perry*, 101 F.3d 925, 935 (3d cir. 1996) (*quoting Allied Chemical Corp. V. Daiflon, Inc.*, 449 U.S. 33, 35 (1980)).

> A party seeking the issuance of a writ of mandamus must "have no other adequate means to attain the relief he desires," and must show that the "right to issuance of the writ is clear and indisputable." To have a "clear and indisputable" right to the issuance of the writ under § 1361, the petitioner must show that he is owed "a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion."

*Volcy v. United States,* 469 Fed Appx. 82, 83-84 (3d Cir. 2012) (*quoting Stehney*, 101 F.3d at 934 and n. 6 (internal citations omitted) and *Richardson v. United States,* 465 F.2d 844, 849 (3d Cir. 1972) (en banc) (quotation marks omitted), rev'd on other grounds, 418 U.S. 155 (1974)).

In the present case, Petitioner has filed his petition for writ of mandamus seeking the

5

Court to direct the BOP to reinstate Petitioner to his prison job at Unicor. Initially, it is important to note that Petitioner has no protected liberty or property interest in a prison job. *James v. Quinlan,* 866 F.2d 627, 629-30 (3d Cir. 1986), *cert. denied,* 493 U.S. 870 (1989). Petitioner also does not have a constitutional right to any particular job in prison. *Id.; see also Bryan v. Werner,* 516 F.2d 233, 240 (1975), *citing Board of Regents v. Roth,* 408 U.S. 564 (1972). In his Objections, Petitioner states that he is not claiming that he has any constitutional right to a prison job, but is claiming, instead, that BOP rules and policies were violated when he was fired from his job while medically excused from work. (Doc. 6, p. 3). Regardless of how the issue is characterized, Petitioner has failed to show that he has a clear and indisputable right to the issuance of the mandamus writ. BOP policy does not afford a property or liberty interest to Petitioner, nor does it confer a constitutional right to any inmate. *Vieux v. Smith,* 2007 WL 1650579, *3 (M.D. Pa. 2007). Therefore, Petitioner has not shown he has an indisputable right to issuance of the writ.

Further, Petitioner cannot show that he is owed a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion. Petitioner's requested relief is in the form of Court intervention and management while he is in prison, *i.e.*, to direct the BOP to reinstate Petitioner to his prison employment with Unicor. The Court will not generally interfere with prison administration matters such as the prison's decision to terminate Petitioner from his job. "[T]he judiciary is 'ill equipped to deal with the increasingly urgent problems of prison administration and reform' and should therefore give significant deference to judgments made by prison officers in establishing, interpreting, and applying prison regulations." *Fraise v. Terhune,* 283 F.3d 506, 515 (3d Cir. 2002) (internal citations omitted).

Though we sympathize with Petitioner, he has failed to show that he has a clear and indisputable right to the issuance of the writ. Petitioner's Petition for Writ of Mandamus will be denied.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT ERVING,

    Petitioner,

v.

DAVID EBBERT, WARDEN,

    Respondent.

Civil Action No. 3:12-CV-2481

(Judge Kosik)

**ORDER**

AND NOW, this 31st day of January 2013, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation of Magistrate Judge Thomas M. Blewitt (Doc. 5) is ADOPTED, in part;

2. Petitioner's Objections to the Report and Recommendation (Doc. 6) are OVERRULED;

3. Petitioner's Petition for Writ of Mandamus (Doc. 1) is DENIED;

4. Petitioner's Motions for Leave to Proceed *in forma pauperis* (Doc. 2, 4) are GRANTED; and

5. The Clerk of Court is directed to CLOSE this case, and to FORWARD a copy of this Memorandum and Order to the Magistrate Judge.

Edwin M. Kosik
United States District Judge